# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist LONGINO S. DAVIS**
**United States Army, Appellant**

ARMY 20110576

Headquarters, 82d Airborne Division
Gary Brockington and Tara A. Osborn, Military Judges
Colonel Lorianne M. Campanella, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain James P. Curtin, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Benjamin W. Hogan (on brief).

25 September 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of attempted wrongful possession of marijuana with intent to distribute, one specification of conspiracy, two specifications of wrongfully introducing marijuana onto an installation with intent to distribute, and one specification of wrongful possession of marijuana with intent to distribute, in violation of Articles 80, 81, 112a, Uniform Code of Military Justice. 10 U.S.C. 880, 881, 112a (2006) [hereinafter UCMJ].  The military judge sentenced appellant to reduction to the grade of E-1, confinement for fifteen months, and a bad-conduct discharge.  The convening authority approved the findings and the sentence.

This case is before this court for review under Article 66, UCMJ. Only one of the issues briefed by appellant warrants discussion and relief.[*] We agree with appellant that the evidence supporting his conviction for Specification 2 of Charge III (appellant's second conviction for wrongful introduction of marijuana with intent to distribute) is factually insufficient. However, we affirm the lesser-included offense (LIO) of attempted wrongful introduction of marijuana with intent to distribute. *See* UCMJ arts. 59(b), 79.

Appellant conspired with Private (PVT) Zavalagamez to obtain marijuana in California and introduce it onto Fort Bragg, North Carolina. While on leave in California, PVT Zavalagamez mailed vacuum-sealed marijuana to Specialist (SPC) Wilson, who lived on Fort Bragg. Private Zavalagamez then traveled back from California to Fort Bragg. Several days later, appellant and PVT Zavalagamez picked up the marijuana at SPC Wilson's on-post quarters. Private Zavalagamez later gave the marijuana to appellant to distribute.

Later that month, appellant and PVT Zavalagamez arranged for another package to be mailed to SPC Wilson's quarters. The police intercepted this package. Law enforcement personnel then set up a controlled delivery and arrested SPC Wilson when he accepted that second package. The police subsequently arrested appellant and PVT Zavalagamez after the two arrived at SPC Wilson's quarters to retrieve the second package.

The government's evidence consisted of testimony from PVT Zavalagamez, SPC Wilson, and Mr. R., an expert forensic drug chemist. Private Zavalagamez testified that he never saw the second package. Specialist Wilson testified that he saw the second package, but not its contents. Only the forensic chemist testified about the contents of the second package. However, the military judge sustained appellant's objection to Prosecution Exhibit 5 (a chain of custody document for the second box) and Prosecution Exhibit 7 (the second box containing marijuana).

The evidence is clear that appellant and PVT Zavalagamez paid $4,000 in exchange for a second shipment of marijuana. The two also arranged to have that second package sent to SPC Wilson's quarters on Fort Bragg and went there once they believed that the second package had arrived. They intended to distribute the

---

[*] Among the issues personally raised by appellant, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), is a challenge to the sufficiency of the evidence in his case. To the extent that this *Grostefon* issue overlaps with appellate counsel's assignments of error, it is addressed and resolved by this court's decision. We have considered appellant's other personal submissions and conclude that they lack merit.

purported marijuana in the second package. As appellant notes, however, the government never called a law enforcement agent to testify about the chain of custody or contents of the second package before it reached the government's expert. Put another way, it is clear that appellant arranged to introduce a second package containing marijuana onto Fort Bragg, but the government could not link the box that arrived at SPC Wilson's quarters with the box (and its contents) that the government expert examined.

Accordingly, we hold there is reasonable doubt regarding appellant's guilt of Specification 2 of Charge III. As a remedy, appellant urges us to order a sentencing rehearing. The government, on the other hand, asks us to reassess and affirm the sentence. Both positions overlook our authority to affirm a LIO of the charged offense. UCMJ art. 59(b). The statute criminalizing LIOs expressly includes attempts as a type of LIO. UCMJ art. 79. Despite finding reasonable doubt regarding the chain of custody of the second box to the lab and also the contents of that box as determined by testing, we are convinced beyond a reasonable doubt that appellant attempted to wrongfully introduce some amount of marijuana onto Fort Bragg with intent to distribute that marijuana. We therefore affirm the LIO of attempt.

In light of our decision to affirm a LIO, we must consider whether sentence reassessment without a rehearing is possible, and, if so, whether the sentence must be reduced. *United States v. Sales,* 22 M.J. 305, 308 (C.M.A. 1986); *United States v. Moffeit,* 63 M.J. 40, 43 (C.A.A.F. 2006) (Baker, J., concurring). In this case, we can be "reasonably certain as to the severity of the sentence that would have resulted in the absence of the error," *Sales,* 22 M.J. at 307 n. 3, and, therefore, we will reassess the sentence at our level.

First, and most importantly, we note that the penalty landscape has not changed, as the maximum punishment remains unchanged. Additionally, appellant was sentenced by a military judge, and "as a matter of logic, judges of the Courts of Criminal Appeals are more likely to be certain of what a military judge alone would have done than what a panel of members would have done." *Moffeit*, 63 M.J. at 43 (Baker, J., concurring). Lastly, we are confident that we have the experience and familiarity with the remaining offenses to reliably determine the sentence that would have been imposed by the military judge. *Id.*

## CONCLUSION

On consideration of the entire record, including the matters personally submitted by appellant pursuant to *Grostefon*, we affirm only so much of the finding of guilty of Specification 2 of Charge III as provides that appellant, "did, at or near Fort Bragg, North Carolina, on or about 27 September 2010, attempt to wrongfully introduce some amount of marijuana onto an installation used by the armed forces or

under control of the armed forces, to wit: Fort Bragg, North Carolina, with the intent to distribute the said controlled substances in violation of Article 79, UCMJ." The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the affirmed LIO noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court